UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-08, ASSETT-BACKED CERTIFICATES, SERIES 2007-08,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY WILBERN; SANDRA D. WILBERN; PNC BANK, N.A. SUCCESSOR IN INTEREST TO NATIONAL CITY BANK; ILLINOIS DEPARTMENT OF REVENUE,<br><br>Defendants. | No. 12 C 755<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM ORDER

In 2007, Defendants Michael and Sandra Wilbern took a loan in the amount of $645,000, secured by a mortgage on their property in Wadsworth, Illinois. The Wilberns stopped making monthly payments in October 2010. Since February 2012, the lender has attempted to foreclose on the mortgage. Defendants resisted the effort: initially, they moved to dismiss, arguing that Plaintiff Citibank, N.A. lacks standing to enforce the note. This court rejected that argument, *see Citibank, N.A. v. Wilbern*, No. 12-CV-755, 2013 WL 1283802 (N.D. Ill. Mar. 2, 2013), and Plaintiff promptly moved for summary judgment. Defendants asserted a host of technical objections. In a second opinion, the court addressed these, overruling all but one of them: specifically, the court noted that Plaintiff's moving papers did not establish that the lender had mailed a notice of default, as required by the Illinois foreclosure statute. *See Citibank, N.A. v. Wilbern,* No. 12-CV-755, 2014 WL 1292374 (N.D. Ill. Mar. 28, 2014).

Plaintiff has now submitted an additional affidavit, that of Kevin Flannigan. Flannigan has the title of Loan Analyst for Ocwen Loan Servicing, LLC, the loan servicer (and Plaintiff's agent). Mr. Flannigan's affidavit is based on his "duties and responsibilities as a Loan Analyst, and [his] knowledge and review of Ocwen's business records." (Flannigan Affidavit [89], ¶ 5.)

Mr. Flannigan reviewed and relied on those records, which, he asserts, were "prepared or received by, and kept and maintained . . . in the regular and ordinary course of carrying out [Ocwen's business] . . . at about the time of the date(s) reflected in the records." (*Id.* ¶¶ 7, 8.) Mr. Flannigan asserts, further, that his "review of the mortgage loan records kept in the course of regularly conducted business activities for Defendants' mortgage loan shows that a Notice of Default and Intent to Accelerate, including a counseling notice, was mailed to Defendants on August 9, 2011, by Litton." (*Id.* ¶ 14.) A copy of the Notice of Default and Intent to Accelerate is attached as an Exhibit to Mr. Flannigan's affidavit.

This is not good enough, Defendants insist. As they read Mr. Flannigan's affidavit, his words "likely reflect that the record was made not by Ocwen, . . . but by [the predecessor loan servicer,] Litton Loan Servicing, LLC." (Defendants' Response to Plaintiff's Further Affidavit [96], ¶ 6.) Defendants characterize Mr. Flannigan's assertions as an "effort to tippy-toe around the business records exception" to the hearsay rule and as ineffective, where Defendants have asserted that they did not receive the letter.

In general, however, under the business records exception to the hearsay rule, FED. R. EVID. 803(6), it

> is not fatal [to admissibility] that the foundation witness did not himself prepare the record, or that he did not supervise its preparation, or that he did not observe the process in the particular case. Indeed, it is not necessary that the foundation witness have any firsthand information about its preparation. . . . [A] witness can lay a proper foundation for a record made before his employment began, . . . .

4 Christopher B. Mueller & Laird C. Kirkpatrick, FEDERAL EVIDENCE § 8:78, 715–718 (3d ed. 2007). Defendants' objection to admissibility of the Notice nevertheless may have some technical merit; Mr. Flannigan has not stated explicitly that he is familiar with the pertinent record-making practices, and has not directly confirmed that the fact that a copy of the Notice appears in the loan files means that, pursuant to those practices, the Notice was in fact mailed. The court is sensitive, as well, to the reality that sloppy or confusing record-keeping on the part of lenders or loan servicers can generate substantial hardship and distress for borrowers who

are sincerely attempting to obtain accurate information or making good faith efforts to preserve their homes.

Ultimately, however, the court is unwilling to delay this foreclosure any longer, as the form-over-substance nature of this dispute is palpable. As noted in the court's earlier ruling, it is not at all surprising that Defendants did not receive the Notice when it was mailed to their home address; Plaintiff had grave difficulty in serving Defendants with process at that address in this case. (See Mot. for Serv. by Publ'n [11].) In any event, the court recognizes the purposes for the requirement that a lender attempt to provide the borrower with a Notice of Default: the borrower is entitled to a reasonable opportunity to challenge the lender's notice that the loan is in default; to demand review of the payment records, if there is a dispute; and to attempt, if he/she can, to negotiate a loan modification. None of those purposes has any relevance in this case. Defendants have not made payments on this loan for more than four years. They have been capably represented by counsel who has had every opportunity to examine payment records, determine their accuracy, and attempt to negotiate a resolution with Plaintiff. They have held up the foreclosure proceedings with essentially makeweight defenses for nearly three years. Any suggestion that they have been prejudiced by the lender's purported failure to mail the Notice of Default would, at this stage, be unsupportable. *Cf. Aurora Loan Servs., LLC v. Pajor*, 362 Ill. Dec. 337, 343–44, 973 N.E.2d 437, 443–44 (2d Dist. 2012) ("Where, as here, the mortgagor has alleged only a technical defect in the notice and has not alleged any resulting prejudice, a dismissal of the foreclosure complaint to permit new notice of the grace period would be futile; we would not read the section to require such a result unless its plain language compelled it.").

**CONCLUSION**

Plaintiff has made an adequate showing of compliance with the statute and is entitled to a judgment of foreclosure. The court will so order.

ENTER:

Dated: January 12, 2015

REBECCA R. PALLMEYER
United States District Judge